UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRODIGY FINANCE CM2020-1 DAC<br>PRODIGY FINANCE CM2021-2 DAC,<br>*Petitioners*,<br><br>v.<br><br>KUNAL BENIWAL,<br><br>*Respondent* | Case No. |

**PETITION TO CONFIRM FOREIGN ARBITRAL AWARDS**

Petitioners Prodigy Finance CM2020-1 DAC and Prodigy Finance CM2021-2 DAC (collectively "Petitioners") by and through their undersigned attorneys, hereby petition this Court for an Order: (a) confirming the three Arbitration Awards entered in their favor against Kunal Beniwal ("Beniwal" or "Respondent") by the Chartered Institute of Arbitrators (London, England) on April 8, 2024; (b) entering a judgment in Petitioners' favor in the full amount of the arbitration awards, plus the pre and post-award interest specified therein, arbitration costs, and post-judgment interest pursuant to 28 U.S.C. § 1961, and the fees and costs of this Petition; and (c) granting such other relief as the Court deems just and proper. In support thereof, Petitioners state:

**I.   PARTIES, JURISDICTION AND VENUE**

1. Petitioner Prodigy Finance CM2020-1 DAC is a special purpose vehicle incorporated under the laws of Ireland having its registered address at 2nd Floor, Block 5, Irish Life Centre, Abbey Street Lower, Dublin 1, D01 P767, Ireland.

2. Petitioner Prodigy Finance CM2021-2 DAC is a special purpose vehicle incorporated under the laws of Ireland having its registered address at 2nd Floor, Block 5, Irish Life Centre, Abbey Street Lower, Dublin 1, D01 P767, Ireland.

3. Prodigy Finance Limited ("Prodigy") administers, manages, and services the loans held by the Petitioners. Prodigy's registered office is at 85 Great Portland Street, London W1W 7LT, and its business address is at Hardy House, 16-18 Beak Street, London, W1F 9RD.

4. Kunal Beniwal is an individual who, upon information and belief, resides in Amherst, New York. Beniwal used the loans discussed herein to finance his education at the University of Buffalo School of Engineering.

5. This proceeding arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("New York Convention") a treaty in force in the United States and under Chapter 2 of Title 9, United States Code, particularly 9 U.S.C. §§ 201–08.

6. This Court has original jurisdiction over this action pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1331.

7. The New York Convention applies to the final arbitration awards because the awards (and the original loan agreements) arise from transactions involving commerce with a foreign nation and involve foreign citizens (and foreign properties), and they also involve performance abroad. *See* 9 U.S.C. § 202.

8. Authentic and certified copies of the three Arbitration Awards issued by the Chartered Institute of Arbitrators ("CIArb") are attached to the Declaration of Lawrence H. Cooke and are made part of this Petition. *See* Decl. in Support, Exhibits 1, 13, and 23.

9. Venue is proper in this district pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(b)(1).

## II. THE LOAN AGREEMENTS AND ASSIGNMENTS

**First Loan Agreement**

10. Petitioner Prodigy Finance CM2020-1 DAC's predecessor-in-interest, Prodigy, and Beniwal entered into a loan agreement entitled "Fixed Sum Loan Agreement Regulated by the Consumer Credit Act of 1974" that was signed by Beniwal on November 1, 2020 ("First Loan Agreement"). Pursuant to the First Loan Agreement, Prodigy agreed to loan Beniwal a principal sum of $35,954.88[1]. An authentic and certified copy of the First Loan Agreement is attached to the Declaration of Lawrence H. Cooke is made a part of this Petition. *See* Decl. in Support, Ex. 2.

11. Pursuant to Clause 9.2 of the First Loan Agreement, Prodigy was entitled to assign the Agreement to Petitioner. Clause 9.2 specifically provides that "[w]e may unilaterally assign our rights and obligations under this Agreement to a third party[.]" *Id.* at ¶ 9.2.

12. On or about January 28, 2021, Prodigy emailed Beniwal to inform him that it had assigned all of its legal and beneficial rights under the First Loan Agreement to Petitioner Prodigy Finance CM2020-1 DAC. *See* Decl. in Support, Ex. 3.

13. Pursuant to Clause 8.1 of the First Loan Agreement, Prodigy could unilaterally vary its terms if it reasonably considered that it made the terms easier to understand or fairer to the borrower or it reasonably considered that the change would benefit the borrower or was not to the borrower's disadvantage. *See* Decl. in Support, Ex. 2 ¶ 8.1(b). Clause 8.2 required notice of such

---

[1] This amount is calculated from the information on page 1 of the First Loan Agreement as the sum of Lines A. $23,100.00, B. $11,472.00, and F. $1,382.88. *See* Decl. in Support, Ex. 2.

a change to be given to the borrower by including a message in the borrower's monthly statement, or by writing to or emailing the borrower separately. *Id.* at ¶ 8.2.

14. On May 25, 2021, Prodigy notified Beniwal of variations to the loan agreement that would come into effect on June 24, 2021 ("First Varied Loan Agreement"). Beniwal was provided with a hyperlink in the notice to access his copy of the newly varied First Loan Agreement Loan Conditions. *See* Decl. in Support, Ex. 4.

15. The First Varied Loan Agreement by its terms was to be enforceable under the laws of England, including its arbitration laws. Clause 10.1 of the varied term provides as follows: "This Agreement shall be governed by English law." *Id.* at ¶ 10.1.

16. Clause 10.2 of the First Varied Loan Agreement states that any dispute arising out of or in connection with the Agreement, would be determined in accordance with Clause 10, subject to the content of Clause 10.8. *See id.* at ¶¶ 10, 10.2, 10.8.

17. Clause 10.4 of the First Varied Loan Agreement stipulates that any dispute between the parties in respect of an amount between £5,000.00 and £200,000.00 (or the foreign currency equivalent thereof) shall be referred to the CIArb for resolution, with the number of arbitrators to be one, the language to be English and the place or seat of the arbitration to be London, England. Furthermore, any hearing may take place via video-link in order to avoid any unnecessary travel or related travel costs. *See id.* at ¶¶ 10.4 (a-e).

**Second Loan Agreement**

18. Petitioner Prodigy Finance CM2021-2 DAC's predecessor-in-interest, Prodigy, and Beniwal entered into a second loan agreement entitled "Fixed Sum Loan Agreement Regulated by the Consumer Credit Act of 1974," which was signed by Beniwal on September 27, 2021 ("Second Loan Agreement"). Pursuant to the Second Loan Agreement, Prodigy agreed to loan Beniwal a

principal sum of $22,746.15[2]. An authentic and certified copy of the Second Loan Agreement is attached to the Declaration of Lawrence H. Cooke and is made a part of this Petition. *See* Decl. in Support, Ex. 14.

19. Pursuant to Clause 9.2 of the Second Loan Agreement, Prodigy was entitled to assign the Agreement to Petitioner. Clause 9.2 specifically provides that "[w]e may unilaterally assign our rights and obligations under this Agreement to a third party[.]" *Id.* at ¶ 9.2.

20. On or about October 1, 2021, Prodigy assigned all of its legal and beneficial rights under the Loan Agreement to Petitioner Prodigy Finance CM2021-2 DAC. *See* Decl. in Support, Ex. 15.

21. The Second Loan Agreement by its terms was to be enforceable under the laws of England, including its arbitration laws. Clause 10.1 provides as follows: "This Agreement shall be governed by English law." Ex. 14 ¶ 10.1.

22. Clause 10.2 of the Second Loan Agreement states that any dispute arising out of or in connection with the Agreement would be determined in accordance with Clause 10, subject to the content of Clause 10.8. *See id.* at ¶¶ 10, 10.2, 10.8.

23. Clause 10.4 of the Second Loan Agreement stipulates that any dispute between the parties of an amount between £5,000.00 and £200,000.00 (or the foreign currency equivalent thereof) shall be referred to the CIArb for resolution, with the number of arbitrators to be one, the language to be English and the place or seat of the arbitration to be London, England. Furthermore,

---

[2] This amount is calculated from the information on page 1 of the Second Loan Agreement as the sum of Lines A. $11,550.00, B. $10,113.00, and F. $1,083.15. *See* Decl. in Support, Ex. 14.

any hearing may take place via video-link in order to avoid any unnecessary travel or related travel costs. *See id.* at ¶¶ 10.4 (a-e).

**Third Loan Agreement**

24. Petitioner Prodigy Finance CM2021-2 DAC's predecessor-in-interest, Prodigy, and Beniwal entered into a third loan agreement entitled "Fixed Sum Loan Agreement Regulated by the Consumer Credit Act of 1974" that was signed by Beniwal on February 20, 2022 ("Third Loan Agreement") pursuant to which Prodigy agreed to loan Beniwal a principal sum of $18,001.20[3]. An authentic and certified copy of the Third Loan Agreement is attached to the Declaration of Lawrence H. Cooke and is made a part of this Petition. *See* Decl. in Support, Ex. 24.

25. Pursuant to Clause 9.2 of the Third Loan Agreement, Prodigy was entitled to assign the Agreement to Petitioner Prodigy Finance CM2021-2 DAC. Clause 9.2 specifically provides that "[w]e may unilaterally assign our rights and obligations under this Agreement to a third party[.]" *Id.* at ¶ 9.2.

26. On or about February 25, 2022, Prodigy assigned all of its legal and beneficial rights under the Third Loan Agreement to Petitioner. *See* Decl. in Support, Ex. 25.

27. The Third Loan Agreement by its terms was to be enforceable under the laws of England, including its arbitration laws. Clause 10.1 provides as follows: "This Agreement shall be governed by English law." Ex. 24 at ¶ 10.1.

---

[3] This amount is calculated from the information on page 1 of the Third Loan Agreement as the sum of Lines A. $17,144.00, and F. $857.2. *See* Decl. in Support, Ex. 20.

28. Clause 10.2 of the Third Loan Agreement states that any dispute arising out of or in connection with the Agreement would be determined in accordance with Clause 10, subject to the content of Clause 10.8. *See id.* at ¶¶ 10, 10.2, 10.8.

29. Clause 10.4 of the Third Loan Agreement stipulates that any dispute between the parties in respect of an amount between £5,000.00 and £200,000.00 (or the foreign currency equivalent thereof) shall be referred to the CIArb for resolution, with the number of arbitrators to be one, the language to be English and the place or seat of the arbitration to be London, England. Furthermore, any hearing may take place via video-link in order to avoid any unnecessary travel or related travel costs. *Id.* at ¶¶ 10.4 (a-e).

### III. THE AGREEMENTS TO ARBITRATE

30. As evidenced above, Petitioners and Beniwal agreed to arbitrate any dispute between the parties for an amount between £5,000.00 and £200,000.00 (or the foreign currency equivalent thereof) and the parties' Loan Agreements were to be governed by English law.

### IV. THE DISPUTES

**First Loan Agreement**

31. In November 2022, Beniwal defaulted on the First Loan Agreement by failing to pay the monthly loan payment amount. As a result, a notice of Sums in Arrears was issued to Beniwal. *See* Decl. in Support, Ex. 5.

32. Beniwal made one payment to Prodigy on April 13, 2023, amounting to a total of $615.90. *See* Decl. in Support, Ex. 6 (First Loan Agreement transaction history as of January 29, 2024).

33. On May 12, 2023, another Notice of Sums in Arrears was issued to Beniwal for his continued failure to pay the loan amount. *See* Decl. in Support, Ex. 7.

34. On July 14, 2023, Beniwal had still not cured the arrears on the Account. As a result, a Notice of Default stating that Beniwal was in arrears in the sum of $5,161.94 and that the breach was capable of remedy if the amount was paid by August 4, 2023. The Notice indicated that Prodigy would invoke the arbitration provisions in the First Loan Agreement, as varied. Beniwal failed to remedy the default. *See* Decl. in Support, Ex. 9.

35. After Beniwal's continued failure to cure the arrears, a final notice was issued to Beniwal on August 15, 2023, indicating that the First Loan Agreement, as-varied, had been terminated and the outstanding balance, $44,325.51, was immediately due and payable. *See* Decl. in Support, Ex. 10.

36. Beniwal last communicated with Prodigy about his loans via email on October 16, 2023. He last spoke to the Petitioners' Collections Agent by telephone on December 1, 2023. All subsequent attempts by Prodigy to communicate with Beniwal have been ignored. *See* Decl. in Support, Ex. 8 (Loan Agreement email communications history); *see also* Ex. 1 ¶ 9, 34.

37. On November 14, 2023, an additional Notice of Sums in Arrears was issued to Beniwal for his continued failure to pay the loan amount. *See* Decl. in Support, Ex. 11.

**Second Loan Agreement**

38. In November 2022, the Beniwal defaulted on the Second Loan Agreement by failing to pay the monthly payment amount. As a result, a Notice of Sums in Arrears was issued to Beniwal. Decl. in Support, Ex. 16.

39. Beniwal made one payment on April 13, 2023, amounting to a total of $394.44. *See* Decl. in Support, Ex. 17 (Second Loan Agreement full transaction history as of January 29, 2024).

40. Because Beniwal only made one payment in April 2023, on May 12, 2023, another notice of Sums in Arrears was issued to Beniwal for his failure to pay the loan amount. Decl. in Support, Ex. 18.

41. On July 14, 2023, Beniwal still had not cured the arrears on the account. As a result, a Notice of Default was sent to Beniwal providing that he was in arrears in the sum of $3,303.72 and that the breach was capable of remedy if the amount was paid by August 4, 2023. The Notice indicated that Prodigy would invoke the arbitration provisions in the Second Loan Agreement. Beniwal failed to remedy the default. *See* Decl. in Support, Ex. 19.

42. On August 15, 2023, after his continued failure to cure the arrears, a final notice was issued to Beniwal indicating that the Second Loan Agreement had been terminated and the outstanding balance of $27,174.43 was immediately due and payable. It also stated that Petitioner would invoke the arbitration process without further notice. *See* Decl. in Support, Ex. 20.

43. On November 14, 2023, due to his continued failure to cure the arrears, Prodigy sent Beniwal an additional Notice of Sums. *See* Decl. in Support, Ex. 21.

**Third Loan Agreement**

44. In January 2023, Beniwal defaulted on the Third Loan Agreement by failing to repay the monthly loan payment amount. As a result, a Notice of Sums in Arrears was issued to Beniwal. *See* Decl. in Support, Ex. 26.

45. Beniwal made a payment pursuant to the Third Loan Agreement on April 13, 2023. Beniwal paid $182.92. *See* Decl. in Support, Ex. 27 (Third Loan Agreement's transaction history statement as of January 29, 2024).

46. As Beniwal failed to make any other payment, on July 12, 2023, another Notice of Sums in Arrears was issued to Beniwal. *See* Decl. in Support, Ex. 28.

47. On August 14, 2023, Beniwal still had not cured the arrears on the account. As a result, a Notice of Default was sent to Beniwal providing that $1,888.41 was owed and that the breach was capable of remedy if the amount was paid by September 4, 2023. *See* Decl. in Support, Ex. 29. This also indicated that Prodigy would invoke the arbitration provisions in the Third Loan Agreement.

48. Beniwal made a payment of $300.00 on August 28, 2023. *See* Ex. 27. This amount was insufficient to cure the breach.

49. On November 14, 2023, after his continued failure to cure the arrears, a final notice letter was issued to Beniwal indicating that the Third Loan Agreement had been terminated and the outstanding balance, $21,412.51, was immediately due and payable. *See* Decl. in Support, Ex. 30.

50. In light of Beniwal's continued failure to pay, another notice of sums in Arrears was issued on January 11, 2024. *See* Decl. in Support, Ex. 31.

V. **THE ARBITRATIONS AND AWARDS**

**First Loan Agreement**

51. On January 2, 2024, after Beniwal's continued failure to cure or otherwise discuss alternative methods to resolve the pending dispute, Prodigy applied to the CIArb for the appointment of an arbitrator in accordance with Section 10 of the First Loan Agreement, as varied. The dispute sought to be arbitrated involved an amount between £5,000 and £200,000, specifically $44,325.51. *See* Decl. in Support, Exhibit 12 (application to CIArb for the First Loan Agreement).

52. The application made by Petitioner was for a sole arbitrator for an arbitration under the Rules of the CIArb Business Arbitration Scheme, in accordance with Clause 10(4), as varied.

53. The Arbitrator, Stephen Boyd, concluded that Prodigy and Beniwal had entered into a Loan Agreement and that Prodigy had disbursed the funds in accordance with the terms of the First Loan Agreement. *See* Ex. 1 ¶¶ 14, 24, 28. The Arbitrator further concluded that Petitioner had done what it was obliged to do with respect to notifying the Beniwal of the proceedings. *Id.* at ¶ 12.

54. The Arbitrator also noted that Beniwal was provided with written notice of a variation of terms. *See id.* at ¶ 18.

55. Finally, the Arbitrator concluded that Beniwal failed to make proper repayments in-service of his loan as the first (and only) payment of $615.90 was received from the Beniwal on or about April 13, 2023. *Id.* at ¶ 31.

56. A Final Award ("First Final Award") in favor of Petitioner was issued by the Arbitrator on April 8, 2024 in *Prodigy Finance CM2020-1DAC v. Kunal Beniwal*, CIArb Case No. DAS-01740-H3R4Z-PF226 pursuant to which the Arbitrator awarded Petitioner a principal amount of $44,325.51, plus simple interest at a rate of 12.59% per annum from August 15, 2023 to the date of final payment. The Arbitrator also ordered Beniwal to pay for the arbitration proceedings, amounting to $1,270.00 (£1,000 GBP)[4] for the costs and expenses incurred by the

---

[4] The April 8, 2024 Final Awards denominate the amount due and outstanding under the loan agreements in US dollars (US$). The awards for the fees and costs associated with the arbitrations were made in GBP (£), in the amount of £1,000 GBP for costs and expenses (per award) and £3,000 for the CIArb's fixed fee (per Arbitration). For the Court's convenience, we have converted this amount into US dollars, as of the date of the awards. The exchange rate for GBP in effect on April 8, 2024 was 1.27. Accordingly, £4,000 GBP is replaced in this Petition with $5,088 USD (per Award). *See Foreign Exchange Rates*, Fed. Reserve, https://www.federalreserve.gov/releases/h10/20240415/ (last visited November 20, 2024). *See, e.g.*, *G.E. Transport S.P.A. v. Republic of Albania*, 693 F. Supp. 2d 132, 139-40 (D.D.C. 2010) (adopting Restatement approach and converting portion of arbitral award that was stated in Euros into dollars and using exchange rate in effect when the final arbitration award was made).

Petitioner with respect to the arbitration proceedings, and the flat arbitration fee of $3,810.00 (£3,000 GBP). The arbitration-related costs are both subject to interest at a rate of 7.25% from April 8, 2024 until the final date of payment. *Id.* at ¶ 56.

57. Beniwal failed to make any payment on the April 8, 2024 First Final Award.

58. Accordingly, and pursuant to 9 U.S.C. § 207, Petitioner is entitled to have the First Final Award confirmed by this Court.

**Second Loan Agreement**

59. On January 2, 2024, after Beniwal's continued failure to cure or otherwise discuss alternative methods to resolve the pending dispute, Prodigy applied to the CIArb for the appointment of an arbitrator in accordance with Section 10 of the Second Loan Agreement. The dispute sought to be arbitrated involved an amount between £5,000 and £200,000, specifically $27,174.43. *See* Decl. in Support, Ex. 22 (Second Loan Agreement CIArb application).

60. The application made by Petitioner was for a sole arbitrator for an arbitration under the Rules of the CIArb Business Arbitration Scheme, in accordance with Clause 10(4).

61. The Arbitrator, Stephen Boyd, concluded that Prodigy and Beniwal had entered into a Loan Agreement and that Prodigy had disbursed the funds in accordance with the terms of the Second Loan Agreement. *See* Ex. 13 ¶¶ 14, 22, 26 The Arbitrator detailed the many efforts undertaken by Prodigy to contact Beniwal. *Id.* at ¶¶ 8, 31-32.

62. The Arbitrator concluded that Beniwal failed to make proper repayments in-service of his loan, as the last (and only) payment of $394.44 was received by Prodigy on or about April 13, 2023. *Id.* at ¶ 29.

63. The Second Final Award ("Second Final Award") in favor of Petitioner was issued by the Arbitrator on April 8, 2024 in *Prodigy Finance CM2021-2DAC v. Kunal Beniwal,* CIArb

Case No. DAS-01741-G2Y6H-PF227 pursuant to which the Arbitrator awarded Petitioner $27,174.43, plus simple interest at a rate of 13.91% per annum from August 15, 2023 to the date of final payment. The Arbitrator also ordered Beniwal to pay for the arbitration proceedings, amounting to $1,270.00 (£1,000 GBP) for the costs and expenses incurred by the Petitioner with respect to the arbitration proceedings, and the flat arbitration fee of $3,810.00 (£3,000 GBP). The arbitration-related costs are both subject to interest at a rate of 7.25% from April 8, 2024 until the final date of payment. *Id.* at ¶ 54.

64. Beniwal failed to make any payment on the April 8, 2024 Final Award.

65. Accordingly, and pursuant to 9 U.S.C. § 207, Petitioners are entitled to have the Second Final Award confirmed by this Court.

**Third Loan Agreement**

66. On January 2, 2024, after Beniwal's continued failure to cure or otherwise discuss alternative methods to resolve the outstanding loan, Prodigy applied to the CIArb for the appointment of an arbitrator in accordance with Section 10 of the Third Loan Agreement. The dispute sought to be arbitrated involved an amount between £5,000 and £200,000, specifically $21,412.51. *See* Decl. in Support, Ex. 32 (CIArb application for Third Loan Agreement).

67. The application made by Prodigy was for a sole arbitrator for an arbitration under the Rules of the CIArb Business Arbitration Scheme, in accordance with Clause 10(4) of the Third Loan Agreement.

68. The Arbitrator, Stephen Boyd, concluded that Prodigy and Beniwal had entered into a Loan Agreement and that Prodigy disbursed the funds in accordance with the Third Loan Agreement. *See* Ex. 23 ¶¶ 14, 22, 26. The Arbitrator detailed the many efforts undertaken by Prodigy to contact Beniwal. *Id.* at ¶¶ 8, 31-32.

69. The Arbitrator concluded that Beniwal failed to make proper repayments in-service of his loan. *Id.* at ¶ 29.

70. The Third Final Award in favor of Petitioner was issued by the Arbitrator on April 8, 2024, in *Prodigy Finance CM2021-2 DAC v. Kunal Beniwal*, CIArb Case No. DAS-01742-B0M3H-PF228 pursuant to which the Arbitrator awarded Petitioner the total amount due under the Third Loan Agreement, $21,412.51, plus simple interest at a rate of 14.1% per annum from November 14, 2023 to the date of final payment. The Arbitrator also ordered Beniwal to pay for the arbitration proceedings, amounting to $1,270.00 (£1,000 GBP) for the costs and expenses incurred by the Petitioner with respect to the arbitration proceedings, and the flat arbitration fee of $3,810.00 (£3,000 GBP). The arbitration-related costs are both subject to interest at a rate of 7.25% from April 8, 2024 until the final date of payment. *Id.* at ¶ 54.

71. Beniwal failed to make any payment on the April 8, 2024 Third Final Award.

72. Accordingly, and pursuant to 9 U.S.C. § 207, Petitioners are entitled to have the Third Final Award confirmed by this Court.

## VI.   **JUDGMENT**

WHEREFORE, Petitioners respectfully request that pursuant to Article III of the New York Convention (9 U.S.C. § 207) this Court:

1. Enter an order confirming the three Final Awards against Beniwal;

2. Enter judgment against Beniwal in an amount equal to the full amount of the First Final Award ($44,325.51), plus the Second Final Award ($27,174.43), and the Third Final Award ($21,412.51). As well as:

   i. Simple interest on the First Final Award at a rate of 12.59% per annum from August 15, 223 until the date of final payment;

    ii.  Simple interest on the Second Final Award at a rate of 13.91% per annum from August 15, 2023 until the date final payment is made;

    iii.  Simple interest on the Third Final Award at a rate of 14.1% per annum from November 2023 until the date final payment is made;[5]

    iv.  Reasonable and proper costs and expenses incurred in connection with the arbitrations: $1,270.00 (£1,000 GBP) per arbitration (for a total of $3,810.00) and interest on said costs at a rate of 7.25% per annum beginning April 8, 2024;

    v.  The fixed costs for the arbitration: $3,810.00 (£3,000 GBP) per arbitration (for a total of $11,430.00) and interest on such fixed costs at a rate of 7.25% per annum beginning on April 8, 2024;

  3.  Award Post judgment interest pursuant to 28 U.S.C. § 1961;

  4.  Award Petitioners' fees and costs incurred in this proceeding; and

  5.  Grant such other relief as the Court may deem just and proper.

January 22, 2025         /s/ Lawrence H. Cooke II
               Lawrence H. Cooke II
               Attorney for Petitioners
               Venable LLP
               151 West 42nd Street
               New York, NY 10036
               t. 212-983-3362
               f. 212-307-5598
               e-mail: lhcooke@venable.com

---

[5] The Final Awards are subject to differing interest rates based upon when the underlying Loan Agreements were terminated.