UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PRODIGY FINANCE CM2020-1 DAC and
PRODIGY FINANCE CM2021-2 DAC,

        Petitioners,　　　　　　　　　　25-CV-68-LJV
　　　　　　　　　　　　　　　　　　　　　　ORDER
   v.

KUNAL BENIWAL,

        Respondent.
_____


On January 22, 2025, the petitioners, Prodigy Finance CM 2020-1 DAC and Prodigy Finance CM 2021-2 DAC, commenced this action seeking to confirm "three [a]rbitration [a]wards entered in their favor against" the respondent, Kunal Beniwal. *See generally* Docket Item 1. After the petitioners made four unsuccessful attempts to serve Beniwal in person, they moved for an order that would permit "alternative service via text message and certified mail." *See* Docket Item 4 at 2-3.[1] This Court denied that motion "without prejudice to it being raised again at a later date" and granted the petitioners an extension of time to effect service. Docket Item 5.

The petitioners have again moved for this Court "to authorize service of process via text message, with the additional request for this Court to also authorize service via email to a recently discovered email address for [Beniwal]." *See* Docket Item 6 at 1. The request states that—to date—the petitioners have "reviewed the information

---

[1] Page numbers in docket citations refer to ECF pagination.

provided" by Beniwal; "conducted online research"; "made four attempts to serve [Beniwal] at the identified addresses"; "hired a private investigator"; "called" Beniwal; "texted documents to [Beniwal's] confirmed phone number"; and spoken with Beniwal on the phone, but they still have been unable to identify a physical address where he may be served. *See id.* at 3-4. Moreover, the petitioners say that when their counsel spoke with Beniwal "on the phone and informed him of the lawsuit" in February, Beniwal refused to give them an updated physical or email address. *See* Docket Item 6-2 at 2. Accordingly, the petitioners say, they "have been more than reasonably diligent but have been unable to effectuate service through traditional means," and they now seek to serve Beniwal via two of his email addresses and the cell phone number on which their private investigator spoke to him. *See* Docket Item 6 at 1-3.

Federal Rule of Civil Procedure 4(e)(1) provides that an "individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action." Fed. R. Civ. P. 4(e)(1). New York State permits a court to direct an acceptable method of service if traditional methods are "impracticable." N.Y. C.P.L.R. § 308(5). Efforts are impracticable "where the defendant could not be located by means of a diligent search." *S.E.C. v. Nnebe*, 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) (citations omitted).

Service of process also must be consistent with constitutional considerations. "Constitutional notions of due process require that any means of service be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *S.E.C v. Antisevic*, 2009 WL 361739, at *4 (S.D.N.Y. Feb. 13, 2009) (quoting *Mullane v. Cent. Hanover*

*Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also Mullane*, 339 U.S. at 314 ("[N]otice [must be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Based on the petitioners' submissions, the Court concludes that they have performed a diligent search for Beniwal's physical address and that using traditional methods of service is "impracticable." The petitioners have attempted to serve Beniwal "on four occasions and at three different addresses." Docket Item 6 at 2; *see* Docket Item 6-1 at 2-3. On February 7, 2025, their lawyer contacted Beniwal by telephone and told him about the lawsuit, but Beniwal would not provide his address. Docket Item 6 at 2-3; *see* Docket Item 6-2. After this Court denied their first request to permit alternative service, Docket Item 5, the petitioners tried to reach Beniwal via text message and hired a private investigator. Docket Item 6 at 3. The investigator spoke with Beniwal by phone on April 2, 2025, but Beniwal again refused to provide an address where he may be served. *Id.*; *see* Docket Item 6-4. Nevertheless, the private investigator has been able to obtain an email address and phone number for Beniwal from the property manager at a place where Beniwal once lived. Docket Item 6 at 3.

Moreover, the petitioners' proposal to serve Beniwal via messages to two email addresses and his cell phone number, coupled with Beniwal's apparent awareness of this lawsuit, adequately addresses the Court's concern that he be given sufficient notice. Beniwal used one of the email addresses to communicate with the petitioners, *see* Docket Item 1-9; Docket Item 6 at 2, and he gave the other email address to his previous property manager, *see* Docket Item 6 at 3. Moreover, the petitioners have

reached Beniwal at the cell phone number twice this year and have informed him of this lawsuit.  *Id.*; *see* Docket Item 6-2 at 2.

Under the circumstances here, service by email alone might not be sufficient: Although "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant," *F.T.C. v. PCCare247 Inc.*, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013), the last documented use of Beniwal's original email address was in October 2023, *see* Docket Item 1-9 at 63, and the recently obtained email address has not yet been shown to be an effective means of contacting him.  Sending a text message to the cell phone number at which the petitioners' attorney and investigator both recently spoke to Beniwal, however, changes the calculus.  Indeed, because the cell phone number is one that has recently reached Beniwal, it "is likely to reach the defendant," *see PCCare247 Inc.*, 2013 WL 841037, at *4, and that alone should be enough under the circumstances.

In any event, the Court finds that service by email at both addresses and via text to Beniwal's cell phone is sufficient and warranted here.[2]  *See Marvici v. Roche Facilities Maintenance LLC*, 2021 WL 5323748, at *3-5 (S.D.N.Y. Oct. 6, 2021) (approving "multi-prong[ed] approach to service" that included text messages sent to number where plaintiff had previously communicated with defendant); *see also*

---

[2] That is especially so because Beniwal knows about the lawsuit and has refused to provide an address where he may be served.  Efforts to avoid service should not be rewarded by the courts.  *See Liebeskind v. Liebeskind*, 86 A.D.2d 207, 211, 449 N.Y.S.2d 226, 229 (1st Dep't 1982) ("'[I]n some cases it might not be reasonably possible to give personal notice, for example'" to those "purposely avoiding service" (quoting *Walker v. City of Hutchinson*, 352 U.S. 112, 116 (1956))), *aff'd*, 58 N.Y.2d 858, 447 N.E.2d 74 (1983).

4

*PCCare247 Inc.,* 2013 WL 841037, at *5 (finding service via Facebook message and known email addresses sufficient).

The petitioners' motion to authorize service of process via text message and email, Docket Item 6, therefore is GRANTED. The petitioners may serve Beniwal by sending the summons, complaint and corresponding exhibits, and a copy of this order via text message to the number at which their private investigator last spoke with Beniwal[3] and via email to both known email addresses.[4]

In addition, the time to serve Beniwal is extended. *See* Fed. R. Civ. P. 4(m). More specifically the petitioners shall serve Beniwal in accordance with the foregoing no later than September 5, 2025, and file an affidavit attesting to such service.

---

[3] The petitioners note that their private investigator had received "a phone number[] and an email address for [Beniwal] that he had not provided to [p]etitioners." *See* Docket Item 6 at 3. After receiving that number, "[t]he private investigator called [Beniwal] on April 2, 2025, and spoke with him." *See id.* It is unclear whether that cell phone number is the same one on which petitioners' counsel spoke to Beniwal in February. If, in fact, it is a different cell phone number, the petitioners shall send the summons, complaint, and corresponding exhibits to both cell phone numbers via text message.

[4] Although the petitioners state in their motion that "providing notice via . . . email at the two addresses provided by [Beniwal] is reasonably calculated under all circumstances to apprise . . . Beniwal . . . of the pendency of the action," *see* Docket Item 6 at 1, their motion later requests that this Court "authorize alternative service via email [to the new email address]," *see id.* at 5. To be clear, the petitioners shall send the summons, complaint, and corresponding exhibits to both email addresses discussed in this order.

5

SO ORDERED.

Dated:  August 12, 2025
        Buffalo, New York

                                                ***/s/ Lawrence J. Vilardo***
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE